OTIS TITTLE v. STATE.

No. A-1065.   Opinion Filed June 8, 1912.

(123 Pac. 1036.)

INTOXICATING LIQUORS — Illegal Sale — Evidence.   For evidence which sustains a conviction for violating the prohibitory liquor law, see opinion.

(Syllabus by the Court.)

*Appeal from Craig County Court;*
*S. F. Parks, Judge.*

Otis Tittle was convicted of violating the prohibitory law, and appeals.   Affirmed.

*James S. Davenport,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., and *C. Caldwell,* Co. Atty., for the State.

FURMAN, P. J.   Upon the trial of this cause A. J. Snyder testified that he was a farmer; that some time in July, 1910, he saw the appellant, Otis Tittle, on the streets of Vinita, Craig county, Okla.; that he asked appellant if he could get any beer from him and appellant said, "Yes, he guessed he could"; that he gave appellant the money and appellant went off and brought back one dozen small bottles of beer; that the witness drank two bottles of it and it tasted like beer; that witness thought it was beer; that witness did not remember if the bottles were labeled, but knew he asked for beer and appellant told him it was beer.

The state offered in evidence record No. 10 showing the payment of the tax required by the United States internal revenue issued to Otis Tittle as a retail liquor dealer at Vinita, Okla.

Appellant was a witness in his own behalf and he testified that he was acquainted with A. J. Snyder.   He denied positively that he had sold any beer to said witness at the time mentioned

in the testimony or at any other time.    On cross-examination the witness testified that he had previously been convicted for violating the prohibitory liquor law, and also testified that at one time he pleaded guilty to violating said law; all of which was objected to by counsel for appellant.    Witness admitted having an internal revenue license as a retail liquor dealer.    He stated he had had such license since 1908; that he had such license for the purpose of enabling him to sell Almeda; that Almeda was a kind of beer or a substitute for beer.

We think this evidence amply sustains the verdict.    All of the objections urged by appellant to the instructions, where such instructions were excepted to, and the objections to the admissibility of the evidence, have been decided adversely to the contention of counsel for appellant, and it would be a useless consumption of time to discuss them again.    The testimony clearly establishes appellant's guilt.

We find no erorr in the record which would authorize us to reverse the judgment against appellant.    It is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur,